## BUILDERS SUPPLY & FUEL CO v KING et

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 11467. Decided May 4, 1931

Fishman & Levin, Cleveland, for Builders Supply & Fuel Company.

Garfield, Cross, MacGregor, Daoust & Baldwin, Cleveland, for King et.

HORNBECK, PJ, KUNKLE, J (2nd Dist) and SHERICK, J, (5th Dist) sitting.

SHERICK, J.

It is asserted that prudence require that a material man should make inquiry and rightly apply any such monies coming into his hands from the contractor, and that it is inequitable and unjust that any other rule should prevail. Our attention has been directed to a line of authorities that seem to sustain this contention of the appellant, but we believe that a careful reading of the most of these cases makes this rule depend upon the knowledge possessed by the material man that the payment made is coming from a certain particular owner.

Now in this case there is absolutely no proof of knowledge as disclosed by the agreed statement of facts and we do not deem it right and proper that we can as-

sume that this is a fact or conclude that Modica was the agent of King. Had the fact appeared in this case that the plaintiff company knew that King was the owner of the property being improved by Modica and that this was King's check intended in payment of this account with Modica for the materials going into this job, the question before this court would no doubt receive a different answer.

We direct attention to L. R. A. 1916-d p. 1254, on which appears a valuable note setting forth the authorities and reason supporting both views. A consideration of the question presented draws us to an examination of §8312 GC. It is settled in this state that material men are not required to serve notice upon the owner, of the furnishing of material, and the assumption, no doubt, being that the owner must know that the materials are being furnished by some material man. Now the Mechanics Lien Law in this state is essentially for the protection of laborers, artisans and material men, but it is also a protection to the owner. The statute provides that the owner may be protected in any payments made to the contractor or sub-contractor if he will comply with the terms of the law, that is, demand certain statements under oath of the amounts then due, and to whom such are payable. In this case King made no such demand on Modica and voluntarily made payment of the full amount of his contract. Now the statute noted provides in part:

"Any payments made by the owner before such statements are made, if that amount be due, or it is to become due, to pay the material men as shown by said statements, and certificates, shall be considered illegal and made in violation of the rights of persons intended to be benefitted by this act and the rights of such material men to a lien shall not be affected thereby."

We have eliminated from this quotation of the statute parts thereof that do not apply to the instant case, but it is plain that from the wording of this act, King made these payments at his peril. It appears that on Dec. 7, 1929 King passed to Modica his final check for $23.80 on the contract and it recites that the same is in full to date, and it is not then contended or proved that a certified statement was required by King of Modica.

It therefore appears to this court that under the circumstances appearing in this case and the facts as disclosed that the contentions of the appellant is unsound and

that the lien of plaintiff company is valid in all respects and that it is entitled to have the same foreclosed.

A decree may be drawn in accordance with this view and the cause is remanded to the Common Pleas Court for further proceedings. Exceptions are noted.

HORNBECK, PJ and KUNKLE, J, concur.